**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Bafeel Inc., | Case No. 1:25-cv-10286 |
|         Plaintiff, | |
| | **COMPLAINT** |
| v. | |
| The Partnerships and Unincorporated Associations identified on Schedule "A", | |
|         Defendant. | |

## COMPLAINT

1.    Plaintiff Bafeel Inc. ("Plaintiff") hereby brings the present action against Defendants identified on Schedule A in Exhibit 1 attached hereto ("Defendants"). Plaintiff files this action against Defendant for the alleged infringement upon Plaintiff's trademark "LANSGA" with Reg. No. 6,510,780 ("Asserted Trademark") by having manufactured, importing, offering for sale, and selling products that used the Asserted Trademark ("Counterfeiting Products") through online commerce platforms ("Online Marketplaces"), in direct competition with the product sold by Plaintiff without authorization. In support of its claims, Plaintiff alleges as follows:

### I.    JURISDICTION AND VENUE

2.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a)-(b).

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391, and this Court may properly exercise personal jurisdiction over Defendant since Defendant directly targets business activities toward consumers in the United States, including Illinois, through the fully interactive e-

1

commerce store operating under the seller alias identified on <u>Schedule A</u> attached hereto (the "Alias").

4.     Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores on online platforms. *See* Exhibit 3. On information and belief, Defendant has sold Counterfeiting Products to residents of Illinois and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

5.     Plaintiff is forced to file this action to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeiting Products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademark as a result of Defendants' actions and seeks corresponding relief.

## II.     THE PARTIES

6.     Plaintiff Bafeel Inc. is a limited company registered in the People's Republic of China, located at 1103 Bldg A Shanghai 123, Zhenxing Rd, Dongguan, 523170. Declaration of Jingbo Li ("Li Decl."), ¶ 3.

7.     Plaintiff is the owner of the Asserted Trademark "LANSGA" with Reg. No. 6,510,780. Asserted Trademark was registered in 2021 and a true and correct copy of the registration is attached hereto as <u>Exhibit 2</u>. Li Decl., ¶ 4.

8.     Plaintiff has continuously used the Asserted Trademark and has a website with the same domain name selling the goods with the mark. Li Decl., ¶ 5. See also <u>Exhibit 4</u>.

9.     Defendants are individuals, partnerships, unincorporated associations, and/or business entities of unknown makeup, each of whom, upon information and belief, reside or

operate in foreign jurisdictions and manufacture, distribute, import, offer for sale, and/or sell products, including Defendants' Products, from the same or similar sources in those foreign locations. As stated above, Defendants and any known aliases are identified in Schedule A attached in Exhibit 1 and incorporated here.

10. On information and belief, defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure Rule 17(b). Certain Aliases under which Defendants operate their e-commerce stores are not linked or associated to the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding the Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

### III. DEFENDANTS' UNLAWFUL CONDUCTS

11. Recently, Plaintiff has discovered that Defendants were promoting, advertising, marketing, distributing, offering for sale, and selling Counterfeiting Products with the Asserted Trademark. The collection of screenshots of online storefronts of Defendants is attached as Exhibit 3. Each of Defendants is using the Asserted Trademark in title or description of the products. Li Decl., ¶ 6.

12. Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce

platforms."[1] The online platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity and do not supervise it under a rigid system, and counterfeiters can have many different profiles that can appear unrelated even though they are commonly owned and operated[2].

13.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts and, on information and belief, have sold Counterfeiting Products to residents of Illinois.

14.     Defendants facilitate sales by designing the e-commerce stores (including product detail pages) operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers of the Asserted Trademark. Plaintiff has not licensed or authorized Defendants to use the Asserted Trademark, and none of the Defendants are authorized retailers of Plaintiff's products.

15.     E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading, and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

16.     E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeiting Products. Such seller alias

---

[1] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans (Jan. 24, 2020), and finding that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommending that "[s]ignificantly enhanced vetting of third-party sellers" is necessary.
[2] *Id.* at p. 39.

4

registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

17. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other seller aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Counterfeiting Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeiting Products were manufactured by and come from a common source and that Defendants are interrelated.

18. Defendants are proper joinders of the action at this preliminary pre-discovery stage. Under Rule 20 of Federal Rules of Civil Procedure, multiple parties may be joined in one action as defendants if (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action.

19. Defendants' importation, offering for sale, and/or selling Defendants' Products in the United States all arise from the same transaction, occurrence, or series of transactions or occurrences. Specifically, Defendants are all importing, offering to sell, and selling products believed to be made by the same foreign manufacturer, the identity of which is unknown to

Plaintiff and concealed by Defendants. For example, Defendants' Amazon listings for Defendants' Products do not identify the true "manufacturer" of Defendants' Products but, rather, misleadingly identify the seller as the "manufacturer," deceiving the consuming public as to the source of the goods sold (and preventing Plaintiff from identifying the party responsible for the manufacture of Defendants' Products).

20.     Upon information and belief, Defendants are working to knowingly and willfully import, distribute, offer for sale, and sell Counterfeiting Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the Asserted Trademark in connection with the advertisement, distribution, offering for sale, and sale of Counterfeiting Products into the United States and Illinois over the Internet.

21.     Defendants' unauthorized use of the Asserted Trademark in connection with the advertising, distribution, offering for sale, and sale of Counterfeiting Products, including the sale of Counterfeiting Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I

### Trademark Infringement and Counterfeiting 15 U.S.C. § 1114

22.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

23.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Asserted

Trademark in connection with the sale, offering for sale, distribution, and/or advertising of Counterfeiting Product goods.

24. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Asserted Trademark without permission from Plaintiff. Li Decl., ¶ 6.

25. Plaintiff is the exclusive owner of the Asserted Trademark. Plaintiff's United States Registrations for the Asserted Trademark (Exhibit 2) is in full force and effect. On information and belief, Defendants have knowledge of Plaintiff's rights in the Asserted Trademark and are willfully infringing and intentionally using counterfeit versions of the Asserted Trademark. Defendants' willful, intentional, and unauthorized use of the Asserted Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeiting Products among the general public.

26. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114. 43. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the Asserted Trademark. Li Decl., ¶ 7.

27. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeiting Products.

## COUNT II
### False Designation of Origin 15 U.S.C. § 1125(A)

28. Plaintiff realleges and incorporates by reference paragraphs above, inclusive, as though fully set forth herein.

7

29.     Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides:

(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –

> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

30.     Defendants' promotion, marketing, offering for sale, and sale of Counterfeiting Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfeiting Products by Plaintiff.

31.     By using the Asserted Trademark in connection with the Counterfeiting Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeiting Products.

32. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeiting Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

33. Plaintiff has no adequate remedy at law and, if Defendants' actions are not joined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of the brand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

a. making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products not expressly authorized by Plaintiff and that use the Asserted Trademark;

b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Asserted Trademark; and

c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

(2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including any online marketplace platforms (the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of goods that infringe the Asserted Trademark;

(3) That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Asserted Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

(4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Asserted Trademark;

(5) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

(5) Award any and all other relief that this Court deems just and proper.

Dated August 28, 2025.

Respectfully submitted
By: /s/ *Huicheng Zhou*
Bar No. 350005
Phone: 909-284-1929
2108 N ST STE #8330
Sacramento, CA 95816
Huicheng.zhou@aliothlaw.com
*Attorney for Plaintiff*